19-1649-cv
*Ortiz v. Ciox Health LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2019

(Argued: March 9, 2020      Decided: December 16, 2021)

Docket No. 19-1649-cv

HECTOR ORTIZ, in his capacity as Temporary Administrator of the Estate of Vicky Ortiz, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

*v.*

CIOX HEALTH LLC, successor in interest to IOD INC.,
and THE NEW YORK AND PRESBYTERIAN HOSPITAL,

*Defendants-Appellees,*

IOD INC. and COLUMBIA PRESBYTERIAN MEDICAL CENTER,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Before:

CHIN, SULLIVAN, and NARDINI, *Circuit Judges*.

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) dismissing plaintiff-appellant's claims for damages for violation of section 18(2)(e) of the New York Public Health Law, which provides that health care providers may impose only a "reasonable charge," not to exceed "seventy-five cents per page," for copies of medical records. On June 5, 2020, we certified a question to the New York Court of Appeals: Does section 18(2)(e) provide a private right of action for damages when a medical provider violates the provision limiting the reasonable charge for paper copies of medical records to $0.75 per page? Because the Court of Appeals responded that no private right of action lies for violations of section 18(2)(e), we affirm the judgment of the district court.

AFFIRMED.

---

SUE J. NAM (Michael R. Reese and George V. Granade, *on the brief*), Reese LLP, New York, New York, *for Plaintiff-Appellant.*

JOHN HOUSTON POPE, Epstein Becker & Green, P.C., New York, New York, *for Defendant-Appellee* The New York and Presbyterian Hospital.

JAY P. LEFKOWITZ, Kirkland & Ellis LLP, New York, New York (Jodyann Galvin, Hodgson Russ LLP, Buffalo, New York, *on the brief*), *for Defendant-Appellee* Ciox Health LLC

PER CURIAM:

Plaintiff-appellant Hector Ortiz ("Ortiz"), as temporary administrator of the estate of Vicky Ortiz ("Ms. Ortiz"), sues defendants-appellees The New York and Presbyterian Hospital (the "Hospital") and Ciox Health LLC ("Ciox") for damages for purported violations of section 18(2)(e) of the New York Public Health Law, which provides that health care providers may impose only a "reasonable charge," not to exceed "seventy-five cents per page," for copies of medical records. Ms. Ortiz requested copies of her medical records from the Hospital, and its contractor, a predecessor in interest to Ciox, charged her $1.50 per page for the copies. Ms. Ortiz paid the bill and filed suit. Thereafter, Ciox refunded Ms. Ortiz the amount charged above the $0.75 per page statutory maximum. Ms. Ortiz passed away, and the district court

- 3 -

substituted Ortiz as the party plaintiff. We assume the parties' familiarity with the facts and record of prior proceedings.

On June 5, 2020, we certified a question to the New York Court of Appeals pursuant to Second Circuit Local Rule 27.2 and title 22, section 500.27 of the New York Codes, Rules, and Regulations: Does section 18(2)(e) provide a private right of action for damages when a medical provider violates the provision limiting the reasonable charge for paper copies of medical records to $0.75 per page? *See Ortiz v. Ciox Health LLC*, 961 F.3d 155, 160 (2d Cir. 2020). The Court of Appeals accepted certification, *Ortiz v. Ciox Health LLC*, 35 N.Y.3d 1001 (2020), and has answered the question in the negative, *Ortiz v. Ciox Health LLC*, No. 26, 2021 WL 5407394 (N.Y. Nov. 18, 2021). With the benefit of the Court of Appeals's decision, we now consider the district court's dismissal.

In its opinion dated November 18, 2021, the Court of Appeals held that "no private right of action lies for violations of Public Health Law § 18(2)(e)." *Ortiz*, 2021 WL 5407394, at *5. Ortiz's claim for damages under the statute therefore fails. The other claim he raised below, unjust enrichment, also fails because under New York law "[w]hen a plaintiff does not possess a private right of action under a particular statute, and does not allege any actionable wrongs

- 4 -

independent of the requirements of the statute, a claim for unjust enrichment is properly dismissed as an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 203 (2d Cir. 2005) (cleaned up).

Accordingly, the judgment of the district court is affirmed.